# IN THE UNITED STATES BANKRUPTCYCOURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), *et al.*,[1]<br><br>              Debtors. | Chapter 7<br><br>Case No. 19-11842-LSS<br><br>(Jointly Administered) |
| DAVID W. CARICKHOFF, TRUSTEE,<br><br>              Plaintiff,<br><br>vs.<br><br>UNLIMITED AVENUES INC.,<br><br>              Defendant. | Adv. Proc. No. 21- 50455-LSS<br><br>**JURY DEMAND** |

### ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & AND 550 AND OBJECTION TO SCHEDULED CLAIMS

Unlimited Avenues, Inc. (hereafter referred to simply as "Defendant") files this answer (the "Answer") to the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 and to Objection to Scheduled Claims [Adv. Docket No. 1]* (the "Complaint")[2] filed by David W. Carickhoff (the "Plaintiff"), solely as the chapter 7 trustee for the estates of As Wind Down LLC (f/k/a Avenues Stores, LLC, *et al.* (the "Debtors") in the above-captioned adversary proceeding, and alleges as follows:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

1

## WITH RESPECT TO THE PARTIES

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

## WITH RESPECT TO JURISDICTION AND VENUE

4. Subject to the limitations set forth in paragraphs 4 through 7 below in this Answer, Defendant admits that the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

5. With respect to Plaintiff's allegations in paragraph 5 of the Complaint about this matter being core, and the entry of final orders, the Defendant states through its undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1, that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendant expressly reserves and asserts its right to a jury trial under the Seventh Amendment of the United States Constitution.

6. With respect to Plaintiff's allegations in paragraph 6 of the Complaint about this matter being core, and the entry of final orders, the Defendant states through its undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1, that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution,

and the Defendant expressly reserves and asserts its right to a jury trial under the Seventh Amendment of the United States Constitution.

7. Subject to the limitations noted herein, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## WITH RESPECT TO BASIS OF THE CLAIM

8. Defendant denies the allegations in Paragraph 8 of the Complaint but admits that Plaintiff commenced this action to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, allegedly preferential and/or fraudulent transfers of property made by the Debtors that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to 11 U.S.C. §§ 547, 548 and 550.

## WITH RESPECT TO FACTS

9. With respect to the allegations contained in paragraph 9 of the Complaint, the said allegations are vague, conclusory and/or ambiguous. Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

10. Defendant admits the allegations set forth in the first sentence of paragraph 9 of the Complaint. With respect to the second sentence of paragraph 10 of the Complaint, Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

11. With respect to the allegations contained in paragraph 11 of the Complaint, they call for legal conclusions, are conclusory and/or vague, as such, Defendant denies the allegations contained in paragraph 11 of the Complaint.

**FIRST CLAIM OF RELIEF**
**(For Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

12. The allegations contained in paragraph 12 of the Complaint re-allege the allegations set forth in paragraphs 1 through 11 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

13. Defendant lacks specific information or knowledge as to the truth of the matters set forth in paragraph 13 of the Complaint, and thus, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 14 of the Complaint, and thus, generally and specifically denies the allegations therein.

15. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 15 of the Complaint, and thus, generally and specifically denies the allegations therein.

16. Defendant admits the allegations set forth in the first sentence of paragraph 16 of the Complaint that Defendant is a creditor of the Debtors but generally and specifically denies any and all allegations related thereto.

17. Defendant admits the allegations set forth in the first sentence of paragraph 16 of the Complaint that the Debtors owed a debt to Defendant but generally and specifically denies any and all allegations related thereto.

18. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 18 of the Complaint, and thus, generally and specifically denies the allegations therein.

19. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 19 of the Complaint, and thus, generally and specifically denies the allegations therein.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

**SECOND CLAIM OF RELIEF**
**(Recovery of Property -- 11 U.S.C. § 550)**

22. The allegations contained in paragraph 22 of the Complaint re-allege the allegations set forth in paragraphs 1 through 21 of the Complaint, and therefore no additional response is required.  To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Objection to Scheduled Claims-- Disallowance Under 11 U.S.C. § 502(d))**

25. The allegations contained in paragraph 25 of the Complaint re-allege the allegations set forth in paragraphs 1 through 24 of the Complaint, and therefore no additional response is

required. To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. Defendant denies the allegations contained in paragraph 24 of the Complaint.

27. Defendant denies the allegations contained in paragraph 24 of the Complaint.

28. Defendant denies the allegations contained in paragraph 24 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim – Bankruptcy Rule 7012)

29. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense
### (Doctrine of Estoppels and Waiver)

30. Plaintiff is precluded from any recovery under the Complaint by virtue of the doctrines of estoppels and waiver.

### Third Affirmative Defense
### (Defenses in Fed.R.Civ.P. 8(c) (1) and Section 547(c) of the Bankruptcy Code)

31. Plaintiff's claims are barred by the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c)(1) (which include: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppels; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver) and the applicable Bankruptcy Rule, and in Section 547(c) of the Bankruptcy Code.

**Fourth Affirmative Defense**
**(Contemporaneous Exchange for New Value**
**Under Section 547(c)(1) of the Bankruptcy Code)**

32. Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendant constitute contemporaneous new value, and are excepted from avoidance under Bankruptcy Code section 547(c)(1).

**Fifth Affirmative Defense**
**(Ordinary Course of Business Under**
**Section 547(c)(2)(A) of the Bankruptcy Code)**

33. Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendant were in the ordinary course of business under Bankruptcy Code section 547(c)(2)(A), and therefore are excepted from avoidance.

**Sixth Affirmative Defense**
**(Ordinary Course of Business Under**
**Section 547(c)(2)(B) of the Bankruptcy Code)**

34. Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendant were in the ordinary course of business under Bankruptcy Code section 547(c)(2)(B), and therefore are excepted from avoidance.

**Seventh Affirmative Defense**
**(New Value Under Section 547(c)(4) of the Bankruptcy Code)**

35. Plaintiff is barred from recovery under the Complaint by virtue of the new value defense set forth in Bankruptcy Code section 547(c)(4).

**Eighth Affirmative Defense**
**(Defensive Setoff and/or Recoupment)**

36. Defendant asserts that, to the extent that the alleged Avoidable Transfers were preferential within the context of section 547(b) of the Bankruptcy Code, such alleged Avoidable

Transfers are entitled to be offset pursuant to section 553 of the Bankruptcy Code, and applicable state laws, and/or pursuant to the doctrine of defensive recoupment under applicable Federal and state law.

### Ninth Affirmative Defense
### (The Defendant Was a Conduit for the Transferred Funds)

37. The Defendant was a conduit for the transferred funds. Since the Debtors were merely a conduit for such transferred funds, Defendant is not liable for any such transfers as preferences.

### Tenth Affirmative Defense
### (No Property of the Debtors' Estates Was Transferred to the Defendant)

38. The funds used to pay Defendant were from third parties. Since the funds used by the Debtors to pay Defendant were from third parties, there was no transfer of property of the Debtors' estates, and the Plaintiff cannot satisfy its burden under section 547(b) of proving that there was a transfer of an interest of the Debtors in property.

### Eleventh Affirmative Defense
### (The funds used to pay Defendant were specifically earmarked for such purpose.)

39. The funds used to pay Defendant were earmarked for such purpose.

### Twelfth Affirmative Defense
### (The Defendant Had a Lien on the Funds or Property Securing the Payment of the Funds.)

40. Plaintiff is barred from recovery to the extent the Defendant possessed a statutory, mechanics, or inchoate lien on any property, materials or product relating to the agreement(s) with the Debtors.

## DEFENDANT'S RESERVATION OF RIGHTS

41.     Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorney's fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2021                    LAW OFFICE OF CURTIS A. HEHN

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone: (302) 757-3491
Fax: (302) 295-4801
Email: curtishehn@comcast.net

*Counsel for Unlimited Avenue, Inc.*